This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RICARDO M. LOPEZ and**
**FLORA VICTORIA LOPEZ,**

Plaintiffs-Appellants,

v.                                                    **NO. 29,531**

**STATE OF NEW MEXICO,**
**CONSTRUCTION INDUSTRIES**
**DIVISION, DAVID SANCHEZ**
**and ELIAS MESTAS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Ricardo M. Lopez
Flora Victoria Lopez
Hobbs, NM

Pro Se Appellants

Jarmie & Associates
Mark D. Jarmie
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Plaintiffs Ricardo and Flora Lopez appeal the district court's dismissal of their complaint. They argue that the State should be estopped from invoking the statute of limitations in the Tort Claims Act when right and justice demand and when the Construction Industries Division (CID), David Sanchez, and Elias Mestas (Defendants) used fraud in issuing a certificate of occupancy. [DS 2] This Court issued a notice of proposed summary disposition on August 20, 2009, proposing to affirm. Plaintiffs filed a memorandum opposing summary affirmance on September 10, 2009, which we have given due consideration. We affirm the district court's grant of Defendants' motion to dismiss.

"We review de novo whether a particular statute of limitations applies." *Jaramillo v. Gonzales*, 2002-NMCA-072, ¶ 8, 132 N.M. 459, 50 P.3d 554.

Plaintiffs' complaint, filed on November 7, 2008, sets forth various allegations in the form of a timetable. [RP 1-3] For the first date listed, February 11, 2000, the complaint alleges:

> The Certificate of Occupancy in reference was issued without our cabin being finished. It has no proper easement for Power because Mora-San Miguel Electric Coop Inc[.] had to discontinue the power due to the builder trespassing on neighboring property belonging to Garcia's family

2

tracts south of county road 121[,] Rociada, San Miguel [County,] New Mexico.

[RP 1]  A copy of the certificate dated February 11, 2000, and apparently signed by Defendant David Sanchez, is attached to the complaint.  [RP 12]  None of the entries for the eight dates following, which extend through April 28, 2004, nor anything else in the body of the complaint, mentions any further act by any of the Defendants.  The complaint mentions subsequent events, including Plaintiffs' complaint to the attorney general, correspondence with the electric co-op, difficulties in closing on the property, and attempts to prevent foreclosure of the property or recover it after foreclosure.  [RP 2-4]  Our own review of the record does not reveal any activity relevant to this controversy between 2004 and the filing of the present complaint in November 2008.

The New Mexico Tort Claims Act provides: "Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death."  NMSA 1978, § 41-4-15(A) (1977).  "The purpose of a statute of limitations is to protect prospective defendants from the burden of defending against stale claims while providing an adequate period of time for a person of ordinary diligence to pursue lawful claims."  *Garcia v. La Farge*, 119 N.M. 532, 537, 893 P.2d 428, 433 (1995).

In its order dismissing Plaintiffs' case with prejudice, the district court stated, after noting that Plaintiffs were aware that they had a cause of action no later than April, 2000, "[t]here exists no reason that the applicable statute of limitations should be tolled beyond, at the latest, 2004." [RP 68] Thus, the court allowed for the possibility that there may have been reasons justifying stopping the running of the statute of limitations through an unspecified date in 2004. The two-year statute of limitations therefore expired sometime in 2006 at the latest.

In their docketing statement, Plaintiffs argue that Defendants should be estopped from relying on the statute of limitations in the present circumstances. [DS 3-4] Our review of the record before us, including the tape log of the hearing on Defendants' motion to dismiss, does not reveal that Plaintiffs made this argument in district court and thereby preserved it for review on appeal. "To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987). Preservation serves the purposes of (1) allowing the trial court an opportunity to correct any errors, thereby avoiding the need for appeal, and (2) creating a record from which the appellate court can make informed decisions. *See Diversey Corp. v. Chem-Source Corp.*, 1998-

4

NMCA-112, ¶ 38, 125 N.M. 748, 965 P.2d 332.

To cover the possibility that an estoppel argument was preserved, we address it briefly.

> Under the doctrine of equitable estoppel, the party estopped from asserting a statute of limitations must have (1) made a statement or action that amounted to a false representation or concealment of material facts, or intended to convey facts that are inconsistent with those a party subsequently attempts to assert, with (2) the intent to deceive the other party, and (3) knowledge of the real facts other than conveyed. The party arguing estoppel must (1) not know the real facts, and (2) change his or her position in reliance on the estopped party's representations.

*Blea v. Fields*, 2005-NMSC-029, ¶ 20, 138 N.M. 348, 120 P.3d 430. Leaving aside the question of whether equitable estoppel may be asserted against the State (*see Lopez v. State*, 1996-NMSC-071, ¶ 20, 122 N.M. 611, 930 P.2d 146 ("New Mexico courts have been reluctant to apply estoppel against the state and its agencies.")), we conclude that equitable estoppel does not apply to the present factual setting. Even if we assume that Defendants made a false representation that the cabin was suitable for occupancy and that they knew the real fact that it was not, there is no evidence that they could have reasonably intended to deceive Plaintiffs, who were aware of some of the obvious defects such as the absence of electricity and water at the time the certificate was issued. Further, the evidence suggests that Plaintiffs knew that the cabin was unsuitable for occupancy, and there is no evidence that they changed their

position in detrimental reliance on Defendants' representation otherwise.

Accordingly, we conclude that at the time Plaintiffs filed their complaint, the statute of limitations had expired, and the doctrine of equitable estoppel does not apply in these circumstances.

Plaintiffs assert in their memorandum in opposition that they were denied due process when the district court failed to issue an order to show cause to enforce Plaintiffs' subpoena for CID records related to their property. This issue was not raised in Plaintiffs' docketing statement, nor did Plaintiffs move to amend the docketing statement to add this issue. *See* Rule 12-208(D)(4), (F) NMRA. Accordingly, we decline to address this issue. But, we observe that the subpoena was directed to Defendants' attorney and not to Defendants themselves. [RP 56] At the hearing on Defendants' motion to dismiss, the attorney noted that he had been subpoenaed personally and that he had no such records in his possession. [RP 58, 9:09:44] Further, Defendants' motion to dismiss was based on information on the face of the complaint indicating that the statute of limitations had expired, as the certificate of occupancy was issued on February 11, 2000, and the complaint was filed over eight years later on November 7, 2008, well beyond the two-year limitations period provided by Section 41-4-15(A). We fail to see, nor does the memorandum

opposing summary affirmance inform us, what information CID could have provided to change this outcome.

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**RODERICK T. KENNEDY, Judge**