**UNITED STATES, Appellee,**

v.

**James D. MABE, Machinist's Mate First Class, U.S. Navy, Appellant.**

No. 62597.
NMCM 88 4053.

U.S. Court of Military Appeals.

June 30, 1989.

For Appellant: *Lieutenant Mary Anne Razim*, JAGC, USNR.

For Appellee: *Commander Peter J. McLaughlin*, JAGC, USN, and *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN.

PER CURIAM:

On his pleas, Machinist Mate First Class Mabe was convicted of unauthorized absence and missing the movement of his ship by design, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 USC §§ 886 and 887, respectively. A military judge sitting alone at a special court-martial sentenced him to be confined for 3 months, reduced in rate to machinist mate fireman (E–3), and discharged from the Naval Service with a bad-conduct discharge. The convening authority suspended confinement in excess of 30 days but otherwise approved the sentence. The Court of Military Review affirmed the findings and sentence in a short-form opinion, after considering the issue presently of concern.

On appeal Mabe has complained about a letter written by the Chief Trial Judge of the Navy to the Chief Judge of the Transatlantic Judicial Circuit. He asserts that this letter, which the military judge in this case purportedly knew about prior to trial, constituted improper influence. Art. 37, UCMJ, 10 USC § 837. He alleges that the purpose of the letter was to cause an increase in sentences for unauthorized absence in the circuit where the trial was held.

The copy of the handwritten letter which has been filed with this Court appears incomplete. In this state, we cannot fully evaluate its meaning or effect. However, it is clear that the Chief Judge was relaying complaints of some type concerning inordinately lenient sentences in the circuit

during bench trials. Such a letter, without a much fuller explanation of the context, gives us grave concern. *United States v. Ledbetter*, 2 MJ 37 (CMA 1976); *see United States v. Levite*, 25 MJ 334 (CMA 1987); *United States v. Cruz*, 25 MJ 326 (CMA 1987); *United States v. Thomas*, 22 MJ 388 (CMA 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987).

In order for the legal issue to be evaluated, it is necessary that the record contain a complete copy of the letter, and, if that is unavailable, an explanation for its unavailability. Furthermore, we believe that it will facilitate our review if the Court of Military Review first makes findings as to why the letter was written; the nature and source of the "complaints" to which it refers; the actual or likely effect of the letter on any persons involved in the trial of this case; the actual or likely effect of the letter on other cases tried in the same circuit or elsewhere in the Navy; and to express its conclusions as to what remedial action, if any, is required. The procedure in *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967), may be utilized if deemed appropriate.

The decision of the United States Navy–Marine Corps Court of Military Review is set aside. Within 10 days of the date of this opinion the Government shall file with that court for inclusion in the record of trial a complete copy of the letter which is the subject of appellant's complaint or an explanation for the inability to file that letter. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for consideration of the issue raised by appellate defense counsel in the Supplement. After that court renders its decision, the record will be returned directly to this Court.