859 P.2d 487

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Ronald E. BACA, Defendant–Appellant.**

**No. 14540.**

Court of Appeals of New Mexico.

July 8, 1993.

Donald G. Bruckner, Jr., Captain, Judge Advocate General's Corps, New Mexico Army National Guard, Albuquerque, Tom Udall, Atty. Gen., Frank A. Murray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Joe M. Romero, Jr., Captain, Judge Advocate, New Mexico Army National Guard, Albuquerque, for defendant-appellant.

## OPINION

FLORES, Judge.

Defendant appeals his special court-martial conviction for possession with intent to distribute a controlled substance. Defendant's sole issue on appeal is whether the military judge should have recused himself. Our second calendar notice proposed summary affirmance. Defendant has timely responded to our proposal. Not being persuaded by his arguments, we affirm.

Defendant argues that there are several reasons why the military judge should have recused himself from hearing this case. The Rules of Courts–Martial, incorporated in the Manual for Courts–Martial, United States, 1984, set forth certain specific

grounds that require the military judge to disqualify him or herself from hearing a case. *See* R.C.M. 902. One of these grounds is "[w]here the military judge is not eligible to act because the military judge is not qualified under R.C.M. 502(c) or not detailed under R.C.M. 503(b)." R.C.M. 902(b)(4). While there is no question here that the military judge was properly detailed, Defendant argues that he was not properly qualified. The qualifications set forth in the Uniform Code of Military Justice (UCMJ) require that the judge be an officer on active duty in the armed forces, who is a member of the federal or state bar and who has been certified for duty as a military judge by the judge advocate general. 10 U.S.C. § 826(b) (1988); R.C.M. 502(c).

■ The New Mexico Code of Military Justice adopts the UCMJ and other military regulations, but only to the extent that they do not conflict with specific provisions of the New Mexico code. NMSA 1978, § 20-12-2 (Repl.Pamp.1989). The New Mexico code states that "[t]he adjutant general, with the concurrence of the state judge advocate, shall appoint one military judge from the army national guard and one military judge from the air national guard." NMSA 1978, § 20-12-5(C) (Repl.Pamp.1989). We believe that the New Mexico statute and the UCMJ conflict. The New Mexico statute requires that a military judge be appointed from each branch of the national guard. Since the national guard is not active duty in the armed forces, the military judges cannot meet the requirements set forth in the UCMJ. We cannot construe the New Mexico statute as having adopted the qualifications of the UCMJ for military judges in the national guard. It appears that no special qualifications are required for a military judge in the New Mexico National Guard other than being appointed a judge advocate, which requires only membership in the New Mexico bar and an officer's commission in the national guard. *See* § 20-12-5.

■ Since the New Mexico Code of Military Justice adopts the UCMJ, except as limited by the New Mexico statute, we believe the qualifications for military judge set forth in the UCMJ do not apply to military judges from the national guard. Defendant argues that even though the adjutant general has been given authority to amend certain provision of the UCMJ, no regulations effecting such amendment have been promulgated. Defendant contends that without specific regulations, the qualifications set forth in the UCMJ must apply. We do not agree. The State's adoption of the UCMJ is limited to construction and application as will "achieve and effect the high level of order and discipline necessary for the military forces of the state." Section 20-12-2. We do not believe that specific regulations are required to vary the UCMJ. We believe that it is acceptable to vary the UCMJ by reasonable construction. Here, although we believe there may be good reasons for requiring special training for military judges, we also believe that it would be an unreasonable situation for administration of military justice in New Mexico to require special certification of military judges. Therefore, the certification requirement is not necessary for appointment as a national guard military judge.

■ Defendant also argues that the military judge should have recused himself because the judge's impartiality could reasonably be questioned. *See* R.C.M. 902(a). "When a challenge for cause is denied, the proper test for evaluating the propriety of the denial is whether the prospective court member is 'mentally free to render an impartial finding and sentence based on the law and the evidence.'" *United States v. Inman*, 20 M.J. 773, 775 (A.C.M.R.1985) (quoting *United States v. Parker*, 19 C.M.R. 400, 410–11, 1955 WL 3458 (C.M.A. 1955)). "[T]he test ... is whether an objective, disinterested observer fully informed of the facts would entertain a significant doubt that justice was done." *United States v. Berman*, 28 M.J. 615, 617–18 (A.F.C.M.R.1989).

■ Defendant argues that the military judge here was subject to unlawful com-

mand influence. "Command influence is the mortal enemy of military justice." *United States v. Thomas,* 22 M.J. 388, 393 (C.M.A.1986). If the target is the military judge, then the accused may be deprived of his right to a forum where impartiality is not impaired. *Id.* A generalized contention of command control is inadequate. Defendant must show a specific basis for his allegation. The circumstances of the convening authority determining membership of the court-martial alone does not deprive a defendant of a disinterested, impartial trier of fact. *Green v. Convening Authority,* 42 C.M.R. 178, 1970 WL 7035 (1970).

Here, Defendant contends that because the military judge was a member of the personal staff of the convening authority, command influence is implicated. The military judge was the chief legal advisor to the convening authority. The record shows in this case, however, that the military judge knew nothing about this case until the day of the court-martial and he never advised the convening authority regarding this particular case.

■ Defendant also argues that the convening authority was the sole rater of the military judge. Therefore, Defendant argues, the judge's performance was to be judged, in part, on his role as the military judge in this case. However, law and regulation prohibit the performance as a military judge from being the subject of comment in any effectiveness, fitness or efficiency report. Section 20–12–5(C); R.C.M. 104(b)(2)(B). We do not believe that Defendant has shown an appearance of bias or partiality through command influence.

■ We recognize that indirect or subtle pressure applied against a military judge can constitute unlawful command influence. *See United States v. Mabe,* 28 M.J. 326 (C.M.A.1989); *United States v. Rice,* 16 M.J. 770 (A.C.M.R.1983). Here, Defendant argues that the convening authority had very strongly-held and well-known views on substance abuse. As a member of the staff, we believe the military judge could be subject to and influenced by those views. *See United States v. Glidewell,* 19

M.J. 797 (A.C.M.R.1985); *United States v. Jones,* 2 M.J. 353 (A.F.C.M.R.1976); *United States v. Toon,* 48 C.M.R. 139, 1973 WL 14922 (1973) (en banc). However, it appears that this argument was not made to the judge. Since this argument was not made at the time of the request for recusal, it was not properly preserved for review by this Court. *See Woolwine v. Furr's, Inc.,* 106 N.M. 492, 496–97, 745 P.2d 717, 721–22 (Ct.App.1987).

■ We also note that where "practicable, military judges will hear cases from components other than their own." Section 20–12–5(C). Defendant argues that there was no record made that it was not practicable to appoint as military judge a judge advocate from the air national guard. Defendant cites no authority for the proposition that the State must make that showing. *See In re Adoption of Doe,* 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We do not believe that the State has the burden of making this showing without Defendant raising the issue. If Defendant seeks to use this as a reason for disqualifying a judge, he should raise it below, thereby allowing the State to make its showing.

■ Finally, Defendant argues that he was denied due process, since it was fundamentally unfair to appoint as the military judge a person whose impartiality could be questioned. When a challenge is made against the military judge, the burden of proof on the challenge is on the moving party. *Rice,* 16 M.J. at 773. Therefore, it was incumbent on Defendant to prove that the military judge failed to be fair or impartial with respect to his case. There is nothing in the record of this court-martial showing that the judge was unfair or partial. In fact, the record shows that the judge went to great lengths to carefully explain Defendant's rights and the charges against him. We hold that Defendant did not show that he was denied due process.

For the reasons stated herein, we hold that the military judge was properly qualified and was not shown to have been biased or partial. Therefore, no bases for disqualification existed and recusal was not

required. Defendant's conviction is affirmed.

**IT IS SO ORDERED.**

BIVINS and ALARID, JJ., concur.