This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LESTER BROWNING,**

Plaintiff-Appellant,

v.                                                         **NO. 29,919**

**ROBERT MELTON, SAN JUAN COUNTY SHERIFF, SAN JUAN COUNTY SHERIFF'S OFFICE, TOM HAVEL, DIRECTOR, SAN JUAN COUNTY DETENTION CENTER, and THE COUNTY OF SAN JUAN, NEW MEXICO,**

Defendants-Appellees,

**and**

**MELISSA DELABARCENA-BEASLEY,**

Plaintiff-Appellant,

v.

**JIM RUNNELS, CHIEF OF POLICE, FARMINGTON POLICE DEPARTMENT, and THE CITY OF FARMINGTON, NEW MEXICO,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Robert A. Aragon, District Judge**

Victor A. Titus
Farmington, NM

for Appellants

Klecan & Childress
Ronald J. Childress
Elaine R. Dailey
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Plaintiffs appeal from an order dismissing their complaint with prejudice. In this Court's notice of proposed summary disposition, we proposed to affirm. Plaintiffs have timely filed a memorandum in opposition. Defendants Robert Melton, San Juan County Sheriff's Office, Tom Havel, San Juan County Detention Center, and the County of San Juan have timely filed a memorandum in support. We have considered the parties' arguments, and as we are not persuaded by Plaintiffs' analysis, we affirm.

In our notice of proposed summary disposition, we indicated that although Defendants' original motion was a motion to dismiss for failure to state a claim, we would review the issue as a motion for summary judgment, since the district court had considered evidence outside of the pleadings. *See* Rule 1-012(B) NMRA (stating that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment"); *Gulf Ins. Co. v. Cottone*, 2006-NMCA-150, ¶ 7, 140 N.M. 728, 148 P.3d 814 (stating that an appellate court will treat a district court order as a summary judgment order when matters outside the pleadings are considered on a motion to dismiss for failure to state a claim). In their memorandum in opposition, Plaintiffs argue that we should review the matter as a motion to dismiss for failure to state a claim, rather than one for summary judgment, because the evidence Plaintiffs submitted was only intended to be an example of what the evidence might show if it were to be fully developed. [Pls.' MIO 2] We are not persuaded. Plaintiffs submitted evidence for the district court's consideration and submitted requested findings of fact, and since the evidence was not excluded by the district court, and the district court's order expressly states that it reviewed the proposed findings and conclusions, we review the motion as one for summary judgment. Summary judgment is warranted if there are no genuine issues of material

3

fact in dispute and the party moving for summary judgment is entitled to judgment as a matter of law. *Gulf Ins. Co.*, 2006-NMCA-150, ¶ 7.

Plaintiffs' complaint sought injunctive relief and damages based on Defendants' failure to videotape the interactions between police and Plaintiffs during their conversations related to the Informed Consent Act after Plaintiffs were arrested for driving under the influence of alcohol. [RP 1-4] Plaintiffs contended that Defendants were required to videotape these interactions pursuant to NMSA 1978, § 29-1-16 (2005). [RP 2]

Section 29-1-16 provides:

> A. A state or local law enforcement officer shall comply when reasonably able to do so with the following procedures when conducting a custodial interrogation:
>
> (1) the custodial interrogation shall be electronically recorded in its entirety;
>
> (2) if conducted in a police station, the custodial interrogation shall be electronically recorded by a method that includes audio or visual or both, if available; and
>
> (3) the electronic recording shall include the advice of constitutional rights required by law.

A "custodial interrogation" is defined as "questioning by law enforcement officers that requires the advice of constitutional rights." Section 29-1-16(H)(1). The statute provides several exceptions to the videotaping requirement, two of which are

4

relevant here: Section 29-1-16(D) states that "[t]he provisions of this section shall apply only to custodial interrogations when, at the time of the interrogation, the person is suspected of committing a felony offense," and Section 29-1-16(G) states that "[t]he provisions of this section do not apply within a correctional facility."

In our notice of proposed summary disposition, we proposed to affirm on three independent grounds: first, because the discussions regarding the giving of breath and/or blood alcohol tests were not "custodial interrogations" as defined in the statute; second, because there was no evidence that Plaintiffs were suspected of committing a felony; and third, because the conversations took place in a correctional facility.

With regards to whether the conversations constituted "custodial interrogations" under the terms of the statute, in our notice, we pointed out that our Supreme Court has held that the Fifth Amendment is not implicated by a person's refusal to take a blood or breath alcohol test. *See McKay v. Davis*, 99 N.M. 29, 31, 653 P.2d 860, 862 (1982). In addition, we note that this Court has held that, based on the rationale articulated in *McKay* and a conclusion that there is no relevant distinction between a blood or breath alcohol test and a field sobriety test, the right against self-incrimination provided in Article II, Section 15 of the New Mexico Constitution is not implicated by the refusal to take field sobriety tests. *See State v. Wright*, 116 N.M. 832, 835, 867 P.2d 1214, 1217 (Ct. App. 1993). Therefore, *Wright* indicates that

5

Article II, Section 15 does not require any constitutional warnings prior to discussions regarding breath or blood alcohol tests.

However, in response to this Court's notice of proposed summary disposition, Plaintiffs argue that it is not the right against self-incrimination that is at issue, but a state constitutional right to be given a warning that 1) New Mexico law states that by having a driver's license, a person impliedly consents to a test of his or her breath or blood or both if suspected of driving while intoxicated, 2) that if the person refuses such a test, the refusal will be used against the person in court, 3) that a driver has no right to an attorney prior to such testing, and 4) that if a driver refuses a test, it will be used against the driver in court even if the driver later asks for a subsequent test. [Pls.' MIO 5-6] Plaintiffs point out that although this Court's notice stated that it did not appear that Plaintiffs had made any specific argument to the district court about any other constitutional rights of which they should have been advised, Plaintiffs did in fact argue that Article II, Sections 4, 14, 15, and 18 all require the four suggested warnings. [Pls.' MIO 3-4; RP 148-49] We agree that Plaintiffs did raise these arguments in the district court, but we do not agree that they were sufficiently specific to meet the requirements for preservation.

First, with respect to Plaintiffs' claims regarding Article II, Sections 14, 15, and 18, each of which has a counterpart in the federal constitution, Plaintiffs' arguments

6

were not sufficiently specific to raise a state constitutional claim pursuant to *State v. Gomez*, 1997-NMSC-006, ¶ 23, 122 N.M. 777, 932 P.2d 1. In *Gomez*, our Supreme Court held that "when a party asserts a state constitutional right that has not been interpreted differently than its federal analog, a party also must assert *in the trial court* that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart *and* provide reasons for interpreting the state provision differently from the federal provision." *Id.* As Plaintiffs provided no reasons why these three state constitutional provisions should be interpreted more broadly than their federal analogs, these arguments were not adequately preserved.

Furthermore, while we base our decision on our conclusion that Plaintiffs failed to adequately preserve these state constitutional arguments, we note that Plaintiffs' argument that Article II, Sections 14, 15, and 18 require the warnings suggested by Plaintiffs has already been rejected in prior case law. As discussed earlier, *Wright* indicates that Article II, Section 15 does not require any constitutional warnings prior to discussions regarding breath or blood alcohol tests. *See* 116 N.M. at 836, 867 P.2d at 1217 (holding that Article II, Section 15 is not implicated by the refusal to take a field sobriety test and stating that there is "no meaningful distinction between evidence of a defendant's refusal to take a breath-alcohol test and evidence of a refusal to take a field sobriety test"). And in *State v. Kanikaynar*, 1997-NMCA-036,

7

¶¶ 3, 11-13, 123 N.M. 283, 939 P.2d 1091, this Court held that the right to due process pursuant to Article II, Section 18, did not require warnings regarding the criminal consequences of a refusal to be tested under the Implied Consent Act, and held that the right to counsel pursuant to Article II, Section 14, does not attach at the time of the conversations regarding breath or blood alcohol tests. Therefore, even if Plaintiffs had adequately preserved their state constitutional arguments, we would find that they are without merit.

Plaintiffs' citation to Article II, Section 4, which provides that "[a]ll persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness," does not have an equivalent in the federal constitution, and therefore the preservation requirements are not the same as those established in *Gomez*. However, Plaintiffs' did not make any particular arguments about the application of the section to this case, and we do not believe that the citation to this section, included as part of a shotgun approach citing *Gomez* and asserting that the state constitution provides broader protection than the federal constitution was sufficient to invoke an intelligent ruling from the district court on the application of this section—particularly where this section does not even have a federal counterpart. *See Woolwine v. Furr's, Inc.*, 106

N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Even if Plaintiffs' argument was sufficient to preserve their claim, in this Court, their claim that this section requires the warnings they propose is entirely unsupported by any authority or argument in their docketing statement or their memorandum in opposition, and we would reject their claim on that basis. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that when a party cites no authority to support an argument, we can assume that none exists); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court does not review arguments that are not adequately developed). Therefore, we conclude that as Plaintiffs' arguments have not persuaded this Court that their proposed warnings were required under either the state or federal constitution, we hold that videotaping of their conversations was not required since these conversations were not "custodial interrogations" as that term is used in the statute.

Furthermore, as we stated in our notice of proposed summary disposition, in this case, both Plaintiffs were under suspicion of driving while intoxicated, in violation of NMSA 1978, § 66-8-102 (2008). Under this statute, driving while intoxicated is not a felony unless a person has three prior convictions for driving while

intoxicated. *See* § 66-8-102(G). Plaintiffs in this case provided no evidence that they were suspected of having at least three prior convictions for DWI at the time they were questioned about whether they would consent to a blood or breath alcohol test. Instead, Plaintiffs argued to the district court, and continue to argue on appeal, that *everyone* arrested for DWI should be suspected of committing a felony offense, simply because it is a possibility. [RP 91-92; MIO 7-8] We cannot agree that the police should suspect everyone of having previous convictions for DWI based solely on the fact that it is possible that someone could have been previously convicted. It is clear that such a suspicion would be neither particularized nor reasonable. Where, as here, Plaintiffs presented no evidence that they were suspected of committing a felony, we hold that Section 29-1-16 did not require videotaping of Plaintiffs' interactions with the police. *See* § 29-1-16(D).

As a third alternative ground for affirmance, we note that each of the Plaintiffs' interactions regarding the breath and blood alcohol tests took place in a correctional facility. [RP 100, 111] Interrogations "within a correctional facility" are expressly excepted from the statute. *See* § 29-1-16(G). Plaintiffs argue that this provision should not apply because Plaintiffs were not "booked into" any detention facility at the time of the conversations—they were merely present in a detention facility. [Pls.' MIO 8] As we find nothing in the statute that would support Plaintiffs' distinction

between those who are "booked into" a detention facility and those who are not, and as Plaintiffs do not provide any argument that there is some public policy reason that would indicate that the legislature intended to make this distinction, we adhere to the plain meaning of the statute and conclude videotaping was not required since Plaintiffs were both questioned within a correctional facility.

Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**CYNTHIA A. FRY, Chief Judge**

**LINDA M. VANZI, Judge**

11