This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 33,169**

**JARED THOMAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} Defendant appeals his convictions for fourth degree felony false imprisonment and misdemeanor battery against a household member. [RP 12-13, 67, 70, 149] Our notice proposed to affirm. In response, Defendant filed a motion to amend his docketing statement as well as a memorandum in opposition. We deny Defendant's motion to amend and remain unpersuaded by Defendant's arguments. We therefore affirm.

{2} We address first Defendant's motion to amend his docketing statement. Defendant seeks to add the issue of whether the police officer was an incompetent witness and was improperly allowed to read his police report as his testimony. [MIO 1, 7] As support for this issue, Defendant refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. [MIO 2] Our review of the record does not support Defendant's assertion that the officers read their police reports into the record; rather, it indicates that the officers testified as to their observations. [RP 132-37] Nonetheless, even assuming Defendant has accurately represented what happened below, Defendant acknowledges this issue was not preserved below, but urges this Court to hold that fundamental error occurred. [MIO 7] To the extent officers read their police reports, we perceive no error because the officers could rely on their reports to refresh their memories. *See generally* Rule 11-612 NMRA (writing used to refresh a witness's memory); *see also State v. Stanley*,

2001-NMSC-037, ¶ 5, 131 N.M. 368, 37 P.3d 85 (providing that we review the district court's admission or exclusion of evidence for an abuse of discretion and we will not disturb its evidentiary ruling absent a clear abuse of that discretion). Moreover, even if we agreed that error occurred, which we do not, it did not rise to the level of fundamental error because "there is no reasonable probability the error affected the verdict." *See State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (stating the standard for non-constitutional harmless error (emphasis, internal quotation marks, and citation omitted)). Because the issue Defendant seeks to add is not viable, we deny his motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{3}    Apart from his motion to amend the docketing statement, Defendant continues to argue in Issue I that the district court abused its discretion in allowing the State to introduce the photograph of Victim's injured ear. [RP 125; DS 2; MIO 5] As support for his continued argument, Defendant refers to *Franklin* and *Boyer*. [MIO 6] For the same reasons provided in our notice, we hold that the district court did not abuse its discretion in determining that the probative value of the photograph was outweighed by any prejudicial effect. *See State v. Pettigrew*, 1993-NMCA-095, ¶ 10, 116 N.M. 135, 860 P.2d 777 (recognizing that the reviewing court gives trial courts great

discretion in balancing the prejudicial impact of a photograph against its probative value); *see also State v. Boeglin*, 1987-NMSC-002, ¶ 23, 105 N.M. 247, 731 P.2d 943 (concluding there was no abuse of discretion in admitting the photographs when the record indicated that the close-up photographs were necessary to depict the full extent of the victim's wounds); *State v. Ho'o*, 1982-NMCA-158, ¶¶ 19-20, 99 N.M. 140, 654 P.2d 1040 (holding that photographs are properly admitted within the discretion of the trial court when they are corroborative of other relevant evidence adduced at the trial and reasonably relevant to material issues at trial).

{4}     Lastly, Defendant continues to argue in Issues II and III that the evidence was insufficient to support his convictions for fourth degree felony false imprisonment [RP 12, 67] and misdemeanor battery against a household member. [RP 13, 70] *See* NMSA 1978, §§ 30-4-3 (1963) and 30-3-15 (2008); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the standard of review for substantial evidence). In support of his continued arguments, Defendant refers to *Franklin* and *Boyer*. [MIO 7] For the reasons extensively detailed in our notice, we hold that substantial evidence supports Defendant's convictions. *See State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). In so holding, we acknowledge Defendant's

arguments that he wrapped his arms around Victim not to restrain her against her will, but instead in an attempt to calm her [DS 2; MIO 4, 6] and that Victim's ear was injured accidentally. [MIO 6; RP 127, 140] As we stated in our notice, however, the jury was free to disbelieve Defendant's view of the evidence. *See State v. Salazar*, 1997-NMSC-044, ¶ 44, 123 N.M. 778, 945 P.2d 996 (holding that it is the fact finder's prerogative to reject the defendant's version of the event); *see also State v. Fuentes*, 2010-NMCA-027, ¶ 17, 147 N.M. 761, 228 P.3d 1181 (noting that it is up to the jury to evaluate a witness's credibility).

{5}     To conclude, for the reasons detailed in our notice and discussed above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
                                    **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**



_____
**JONATHAN B. SUTIN, Judge**



_____
**CYNTHIA A. FRY, Judge**