745 P.2d 717

**Doris WOOLWINE, Plaintiff–Appellant,**

v.

**FURR'S, INC., Defendant–Appellee.**

**No. 9571.**

Court of Appeals of New Mexico.

Oct. 20, 1987.

Anthony F. Avallone, Glenn B. Neumeyer, Law Systems of Las Cruces, P.A., Las Cruces, for plaintiff-appellant.

Thomas A. Sandenaw, Jr., Weinbrenner, Richards, Paulowski & Sandenaw, P.A., Las Cruces, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiff appeals from an adverse judgment following a jury trial in a slip and fall action. Plaintiff argues that the trial court erred: (1) in submitting a jury instruction permitting the jury to compare the negligence of plaintiff, Furr's, Inc., (Furr's) and a nonparty, College Development Corporation (landowner), and submitting certain other jury instructions; (2) admitting into evidence a copy of the lease agreement between the landowner and Furr's, Inc.; and (3) that the trial court committed cumulative error. We affirm the trial court.

Furr's operates a grocery store in premises leased from landowner in Las Cruces, New Mexico. On May 14, 1985, plaintiff, a business invitee, while on her way to the store, caught the heel of her shoe in a hole in (a portion of) a low ramp leading from the parking lot to the sidewalk near one of the entrances to the store. Plaintiff fell

and suffered injuries to her shoulder, elbow, wrist and ankle. Plaintiff filed suit alleging negligence on the part of Furr's and seeking general damages for lost earning capacity, inability to perform services, pain and suffering, and medical expenses. Furr's answered denying any negligence on its part and asserted, among other things, that the acts or omissions complained of by plaintiff were due to the negligence of third parties not joined in the action.

The lease between Furr's and the landowner provided, in part, that landowner was responsible for maintaining the parking area (adjacent to the store) for use by Furr's, "its customers, patrons and employees," and that Furr's was responsible for maintaining the interior of the store premises.

At trial, testimony presented by Furr's indicated that the ramp where plaintiff fell rises up from the area of the parking lot to the sidewalk directly in front of the south entrance of the store. The ramp is approximately four-and-one-half inches high at the point where it joins the sidewalk and slopes gradually a distance of several feet into the parking lot.

Furr's presented evidence that at sometime prior to the accident the landowner had painted the curb, ramp, walkways and parking areas. The landowner had also made repairs to cracks in the pavement and area adjacent to the ramp within a two-year period prior to plaintiff's accident. In performing the repairs to the parking lot, oil and tar had been poured into a crack situated near the front of the ramp where plaintiff fell.

The jury returned a verdict finding that Furr's was not negligent and the trial court entered judgment in accordance with the verdict.

## I. JURY INSTRUCTIONS

■ Plaintiff argues that the trial court erred in submitting NMSA 1978, UJI Civ. 13.14 (presently compiled as SCRA 1986, 13–1314) to the jury because the instruction permitted the jury to compare the alleged negligence between plaintiff, Furr's and a nonparty landowner. SCRA 1986, 13–1314

provides: "A landlord who undertakes to make improvements or repairs upon leased premises is under a duty to use ordinary care in carrying out the work [even if the landlord was not under an obligation to make the improvements or repairs]."

Plaintiff contends that the landowner was not a concurrent tortfeasor and the jury should not have been permitted to consider the landowner's alleged acts of negligence under a comparative negligence instruction. In advancing this argument, plaintiff asserts that the landowner had no duty to repair the ramp and did not undertake to make such repairs. We disagree.

In reviewing whether a trial court properly submitted a uniform jury instruction, including bracketed portions thereof, an appellate court construes the facts, together with the inferences reasonably flowing therefrom, in a light most favorable to the party requesting the instruction. *See Burnham v. Yellow Checker Cab, Inc.,* 74 N.M. 125, 391 P.2d 413 (1964). A party is entitled to have the jury instructed on all correct legal theories of his case if it is within the pleadings and supported by the evidence. *Adams v. United Steelworkers of America,* 97 N.M. 369, 640 P.2d 475 (1982); *Salinas v. John Deere Co.,* 103 N.M. 336, 707 P.2d 27 (Ct.App.1984). Every reasonable presumption and inference in support of the verdict will be indulged in by the reviewing court. *Toltec Int'l Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186 (1980); *Speer v. Cimosz,* 97 N.M. 602, 642 P.2d 205 (Ct.App.1982).

In *Mitchell v. C & H Transp. Co.,* 90 N.M. 471, 565 P.2d 342 (1977), the court recited the general rule that where a landlord fully parts with possession of the premises and retains no control or right of control over them, and thereafter does not assume control, he is under no duty to inspect their condition while a tenant remains in possession, and is not accountable with liability for defects not caused by him, or for a failure to make repairs. The court, however, recognized an exception to this general rule, noting that where a landlord reserves the right to enter and to make repairs on the leased premises, he has a

continuing duty to invitees and other persons lawfully upon the premises to maintain the premises in a safe condition. *See also Torres v. Piggly Wiggly Shop Rite Foods, Inc.,* 93 N.M. 408, 600 P.2d 1198 (Ct.App.1979).

■ Where there is evidence tending to show that plaintiff's injury was proximately caused by the negligence of more than one person, the court may properly instruct the jury as to the duty of an absent tortfeasor. *Bartlett v. New Mexico Welding Supply, Inc.,* 98 N.M. 152, 646 P.2d 579 (Ct.App.1982). In *Bartlett,* this court held that the trial court properly instructed the jury to consider the negligence and damage resulting from an unknown driver. We stated that " '[t]he jury must ascertain the percentage of negligence of all participants to an occurrence.' " 98 N.M. at 159, 646 P.2d at 586, (quoting *Board of County Comm'rs v. Ridenour,* 623 P.2d 1174 (Wyo.1981)); *see also Wilson v. Galt,* 100 N.M. 227, 668 P.2d 1104 (Ct.App.1983) (holding it was not error to instruct the jury as to the duty of absent tortfeasors and the claimed acts of negligence by those tortfeasors); *Marchese v. Warner Communications Inc.,* 100 N.M. 313, 670 P.2d 113 (Ct.App.1983) (where the jury was required to apportion fault of non-party tortfeasor).

The lease imposed a duty upon landlord to maintain and repair the parking area. In addition to the duty to maintain and repair the parking area, there is substantial evidence to indicate landowner did in fact undertake to make some repairs. The evidence before the trial court warranted the giving of SCRA 1986, 13–1314 because at the time of plaintiff's accident landowner was under a continuing duty to maintain and repair the parking area, including the ramp area in question. Under the lease agreement, landowner reserved the right to re-enter the premises when he specifically contracted to make all structural and exterior repairs to the building during the term of the lease and to "keep the parking areas * * * in a good state of repair * * *."

Plaintiff argues, however, that the location of the ramp where her accident occurred was outside the area denominated in the lease as a "parking area." The photographic exhibits introduced into evidence at trial, however, refute this argument. As shown in the photographs, the south ramp where plaintiff fell extends approximately four feet from the sidewalk in front of the store into the parking lot area. The indentation where plaintiff caught the heel of her shoe is painted yellow and is located where the ramp joins the driveway area in the parking lot. Under these facts, it was not error for the trial court to submit SCRA 1986, 13–1314 to the jury because the landowner's contractual obligation to repair and maintain the parking lot area included the ramp area.

Examination of the record reveals that plaintiff's designation of the transcript of proceedings omits the testimony of certain witnesses called by plaintiff. Although we agree with plaintiff's assertion that whether a duty exists is generally a question of law to be decided by the court, based upon the record at trial, *Harmon v. Atlantic Richfield Co.,* 95 N.M. 501, 623 P.2d 1015 (Ct.App.1981), we will not find error on the part of the trial court in submitting an instruction where plaintiff has not included in the record on appeal all of the testimony of the witnesses that testified at trial. Plaintiff in her brief-in-chief asserts that there is no evidence in the record as to when or by whom the ramp in question was installed, or that the landowner knew or should have known of the dangerous condition of the ramp where plaintiff fell. Under the circumstances here, where the record on appeal is incomplete, plaintiff's challenge to the sufficiency of the evidence and the propriety of submitting the challenged instruction to the jury must fail. *See Wilson v. Galt;* SCRA 1986, 12–211.

■ Negligence on the part of a storekeeper or owner of business premises may not be presumed merely from the fact that a business invitee sustained an injury thereon. *Williamson v. Piggly Wiggly Shop Rite Foods, Inc.,* 80 N.M. 591, 458 P.2d 843 (Ct.App.1969). *See Paquin v. Echeverria,* 95 N.M. 473, 623 P.2d 987 (1981). Where landowner owes a duty to

maintain or repair premises leased to a tenant, and plaintiff's injury is shown to have been proximately caused by a combination of negligence of more than one person relating to a hazardous condition which exists upon the premises, the trial court may instruct the jury to compare the percentage of negligence, if any, of the plaintiff, the defendant, and a nonparty landowner. *See* SCRA 1986, 13–2219. Under the facts before us, we find no error in the trial court's submission of an instruction permitting the jury to compare the alleged negligence of the plaintiff, Furr's and the landowner.

■ Plaintiff additionally contends that the trial court erred in giving jury instructions nos. 8 and 9, relating to the duty of a person to observe what is in plain sight, or to take precautions to avoid a danger which is in plain view. *See* SCRA 1986, 13–1202; 13–1203. The record before us does not indicate that plaintiff objected at trial to the giving of these instructions. Plaintiff on appeal requested a partial record of the trial court's hearing to settle the instructions. In view of this incomplete record, plaintiff has failed to establish that this issue was properly preserved for appellate review. SCRA 1986, 12–216(A). *See also Bunton v. Hull*, 51 N.M. 5, 177 P.2d 168 (1947). In the absence of evidence in the record showing error, a presumption exists on appeal that the instructions were in accordance with the legal effect of the evidence. *Scott v. Brown*, 76 N.M. 501, 416 P.2d 516 (1966).

■ Whether or not there was a factual basis for these instructions is appropriately a matter to be determined by the trial court and the trial court's determination will not be overturned if there is evidence to support the instruction and it is supportive of a party's theory of the case. *See Mac Tyres, Inc. v. Vigil*, 92 N.M. 446, 589 P.2d 1037 (1979); *McNeely v. Henry*, 100 N.M. 794, 676 P.2d 1359 (Ct.App.1984). We find no error in the trial court's submission of instructions.

## II. ADMISSION OF LEASE AGREEMENT

Plaintiff contends that the trial court committed reversible error by permitting Furr's to introduce into evidence a copy of the lease agreement between Furr's and the landowner. On appeal, plaintiff does not challenge the authenticity of the lease agreement but argues that if the lease obligated the landowner to maintain or repair the ramp area, the court should have instructed the jury as to this duty as a matter of law without admitting the lease into evidence or permitting the jury to review the complete instrument. Alternatively, plaintiff contends that if the existence of the duty to maintain and repair the ramp was an issue of fact to be decided by the jury, then the jury should have been instructed on how to interpret the lease.

■ At the time Furr's tendered the exhibit, plaintiff objected on the grounds of hearsay, relevancy and lack of foundation. The document was listed under Furr's exhibit list in the pretrial order. The trial court admitted the exhibit conditioned upon Furr's assurance that it would connect up the exhibit as the lease agreement between Furr's and the landowner. When an exhibit is admitted conditionally, it is the duty of the party seeking to exclude the exhibit to renew its objection and to move to strike if its relevancy is not thereafter established. *See* SCRA 1986, 11–103(A)(1); 11–104(B); *Trask v. Kam*, 44 Hawaii 10, 352 P.2d 320 (1959); *State v. Grindle*, 413 A.2d 945 (Me. 1980).

■ The grounds urged by plaintiff in her brief-in-chief as a basis for exclusion of the lease agreement were not the same objections voiced at trial. To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court. *See* SCRA 1986, 1–046; 12–213(A)(3); 12–216(A). Where the record fails to indicate that an argument was presented to the court below, unless it is jurisdictional in nature, it will not be considered on appeal. *Wolfley v. Real Estate Comm'n*, 100 N.M. 187, 668 P.2d 303 (1983); *Barnett v. Cal M. Inc.*, 79 N.M.

553, 445 P.2d 974 (1968). Error may not be predicated upon matters not raised in the trial court. *Simmons v. McDaniel,* 101 N.M. 260, 680 P.2d 977 (1984).

## III. CLAIM OF CUMULATIVE ERROR

Lastly, plaintiff asserts that the errors complained of all combine to constitute cumulative error. We disagree. We have reviewed each of the points raised by plaintiff and find that they neither individually nor collectively prejudiced plaintiff's case at trial. *See* SCRA 1986, 1–061.

The judgment of the trial court is affirmed. Furr's is awarded its costs on appeal.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.