This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**EUGENE DOWNER,**

    Plaintiff-Appellant,

v.                                            **NO. 30,839**

**NEW MEXICO CORRECTIONS**
**DEPARTMENT,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Eugene Downer
Cloudcroft, NM

Pro Se Appellant

Sandenaw Law Firm, P.C.
CaraLyn Banks
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff appeals an order dismissing his complaint for defamation and intentional infliction of emotional distress. In this Court's notice of proposed summary disposition, we proposed to affirm. Plaintiff has filed a memorandum in opposition. We have considered Plaintiff's arguments, and as we are not persuaded by them, we affirm.

Plaintiff's docketing statement raised eleven claims of error, all of which were addressed in this Court's notice of proposed summary disposition. In Plaintiff's memorandum in opposition, he makes a single argument: that Defendant was not immune under the Tort Claims Act because the conduct alleged fell within the exception provided by NMSA 1978, Section 41-4-10 (1978). [MIO unnumbered page 1] That section states that the immunity granted under the Tort Claims Act "does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees licensed by the state or permitted by law to provide health care services while acting within the scope of their duties of providing health care services."

In our notice of proposed summary disposition, we proposed to decline to address this argument because it appeared from the record that Plaintiff had not preserved it. [CN 10] *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear

that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Plaintiff's memorandum in opposition does not represent that he did in fact preserve this argument. Accordingly, we decline to address the issue, as Plaintiff has not demonstrated that it was preserved in the district court, and the record appears to agree. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**
**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**



_____

**TIMOTHY L. GARCIA, Judge**