This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN PAUL,**

Plaintiff-Appellant,

**v.**                                                    **No. 31,476**

**CATHLEEN CATANACH,**
**Former Supervisor of Central Records**
**Division for STATE OF NEW MEXICO**
**DEPARTMENT OF CORRECTIONS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

John Paul
Albuquerque, NM

Pro Se Appellant

Beall & Biehler PA
Mary T. Torres
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Plaintiff appeals from the judgment entered in favor of Defendants. We filed two calendar notices proposing to affirm the judgment, and we have received a memorandum in opposition to our second notice from Plaintiff. We have carefully considered Plaintiff's arguments, but we find them unpersuasive. We affirm.

In both of our calendar notices, we pointed out that Plaintiff had not provided information to show that his claims were properly preserved for appeal. In order to properly preserve an issue for review on appeal, "it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987). The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue. *State v. Lopez*, 2008–NMCA–002, ¶ 8, 143 N.M. 274, 175 P.3d 942. Plaintiff alleges that his claims were preserved "through plaintiff's attorney when questioning the defendant," in "records proper," and in his deposition. [MIO 2, 3-4] Plaintiff also points to our calendar notices, his memorandum in opposition to the first notice, and

his docketing statement. [MIO 2-4] However, Plaintiff fails to demonstrate how his claims were brought to the attention of the district court, how the district court was alerted to his claims so that a ruling could be made on those claims. When a party's claim of error is not specifically brought to the district court's attention, there is no opportunity for the opposing party to respond to the claim of error and there is no opportunity for the district court to rule on the claim of error. It is Plaintiff's obligation to point out where, in the record, he invoked a ruling from the district court on the issue, and absent citation to the record or the obvious preservation of a claim, we will not consider the issues raised on appeal. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Plaintiff did not properly preserve the claims that he now makes on appeal. Therefore, we do not consider Plaintiff's arguments.

For the reasons discussed in this opinion and in our first and second calendar notices, we affirm the judgment entered by the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

3

_____

**JONATHAN B. SUTIN, Judge**