This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BURK FLEMING and LONNIE SHAW (Assignees of Robert L. Humphrey),**

  Plaintiffs-Appellees,

v.                                                          **NO. 31,600**

**PETE Q. TORRES, ET AL.,**

  Defendants,

**ROSEMARY MCDONALD (TORRES),**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Gary M. Jeffreys, District Judge**

Lopez, Dietzel & Perkins, P.C.
William John Perkins
Silver City, NM

for Appellee Shaw

Jeffrey W. Smith
Deming, NM

for Appellee Fleming

Peter A. Keys

Silver City, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Appellant Rosemary McDonald Torres appeals the order quashing a peremptory challenge to excuse the district judge and sanctioning her attorney. We proposed to affirm in a calendar notice, and we have received a response from Appellant. We have carefully considered Appellant's arguments, but we are not persuaded that our proposed disposition is incorrect. Therefore, we affirm.

Appellant continues to claim that she was not a party to the case below and was not represented by Mr. Hosford in the proceedings in district court. Approximately eight and one-half years after judgment was entered in this case, Appellant filed a motion claiming that she is an indispensable party and was not included in the proceedings. In addition, Appellant moved to excuse the district judge.

As discussed in our calendar notice, the documents filed in the district court show that Appellant participated and was represented throughout the proceedings below. She was deposed, she signed pleadings and documents, and her attorney conceded that she was served as a party defendant. The district court specifically found that there is a "plethora" of pleadings throughout the record proper to show that

2

Appellant was included as a party in the case. We hold that Appellant was a party to the case and fully participated in the proceedings.

In addition, the documents filed in the record proper show that Appellant was represented by Mr. Hosford. Appellant claims that there are no "written" documents indicating that she was informed of a conflict of interest. [MIO 5-6] As noted in our calendar notice, however, Appellant did not raise an objection in the district court based on her current claim of a conflict of interest. Because the argument was not raised in the district court, there was no opportunity for the filing of any documentation or the presentation of any evidence to dispute a conflict-of-interest claim. Furthermore, as explained in our calendar notice, there is nothing to show that Mr. Hosford was involved with the case when it was being handled by another attorney, there is nothing to show that Mr. Hosford was aware of the case at the time of the other attorney's involvement, and Appellant has not demonstrated that Mr. Hosford actively represented conflicting interests or that his performance was affected in any way. We hold that Appellant has not demonstrated a conflict of interest in this case.

Appellant claims that the judgment did not "award anything to her in her name." [MIO 4] Appellant did not present this argument to the district court and, therefore, it was not properly preserved for appeal. *See Woolwine v. Furr's, Inc.*, 106

3

N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Moreover, the district court's findings refer to Defendants together as "Torres." [RP 863] The judgment refers to "Torres" or to "Torres' rights." [RP 894-898] It is clear that the judgment was awarded to both Pete Torres and to Appellant Rosemary Torres. Any dispute as to the collection of the judgment is between Pete and Rosemary Torres.

For the reasons discussed in this opinion and in our calendar notice, we affirm the order of the district court.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**