This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHERYL CHANAUD and SUZANNE LOPEZ,**

Plaintiffs-Counter-Defendants/Appellees,

v.                                                    **NO. 32,690**

**LEIGHTON KEITH and DEBRA KEITH,**

Defendants/Count-Plaintiffs/Appellants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Humphrey & Ode PC
Connie Ode
El Prado, NM

for Appellees

Kelan Emery
Taos, NM

for Appellants

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} Defendants/Counter-Plaintiffs, Leighton Keith and Debra Keith, appeal from the district court's grant of summary judgment in favor of Plaintiffs/Counter-Defendants, Cheryl Chanaud and Suzanne Lopez. **[DS 2, RP 274]** We issued a notice proposing to summarily affirm. Plaintiffs filed a memorandum in support of our proposed disposition and Defendants filed a memorandum in opposition. We remain unpersuaded by Defendants' arguments and affirm.

**BACKGROUND**

{2} This is a dispute between neighbors involving maintenance costs of a shared well. On April 27, 2012, Plaintiffs filed a declaratory judgment action seeking a declaration regarding their obligation to pay for expenses incurred to maintain a shared well in 2008, 2009 and May 2011. **[RP 6]** Plaintiffs attached to their complaint a copy of the Shared Well Agreement Declaration ("Shared Well Agreement") which is the document that governs the rights and responsibilities of the parties. **[RP 12, 251]**

{3} Plaintiffs filed a motion for summary judgment on October 9, 2012. **[RP 124]** In their motion, they explained the pertinent facts as follows. Plaintiffs purchased a parcel of property in Taos County in August 2006. **[RP 126]** In conjunction with the purchase, Plaintiffs signed the Shared Well Agreement, pursuant to which they agreed

2

to share a domestic well with two other lots in the subdivision. **[RP 126]** Plaintiffs commenced construction of a house on their property in 2010 and connected their property to the shared well in November 2010. **[RP 126]** In February 2011, Plaintiffs decided to drill their own well on their lot. **[RP 126]** They obtained a permit from the Office of the State Engineer and completed drilling the well in March 2011. **[RP 126]** At that time, their house was disconnected from the shared well. **[RP 126-27]** In May 2011, Plaintiffs were notified that the shared well was not producing any water. **[RP 127]** The shared well was subsequently redrilled and deepened at a cost of approximately $10,000. **[RP 127]** Plaintiffs did not agree to this repair. **[RP 127]** On May 24, 2011, Defendants demanded $4,742.28 from Plaintiffs for expenses related to the shared well. **[RP 127]**

{4} Plaintiffs argued, among other things, that they were not responsible for the expenses sought by Defendants because they were only connected to the shared well from November 2010 to March 2011 and the Shared Well Agreement states, in pertinent part, that any expenses incurred after the initial expense of drilling and equipping the well are shared pro-rata by those tracts connected to the well only during the period of connection. **[RP 128-29]** In support of their motion, Plaintiffs submitted the Affidavit of Luther Holley, a mechanical contractor, in which Holley stated he disconnected Plaintiffs' house from the shared well in mid-March 2011.

3

**[RP 124, 154]**

{5}     On October 23, 2012, Defendants filed a motion for a seven-day extension of time in which to respond to Plaintiffs' motion for summary judgment.[1] **[RP 208]** Defendants also filed a response to Plaintiffs' motion, which they captioned as an "alternative." **[RP 157]** In their response, Defendants argued that Plaintiffs remained connected to the shared well in March 2011 because they could access the well "by virtue of turning a valve[.]" **[RP 167]** Defendants also argued that Plaintiffs fraudulently obtained their permit to drill a new well in that they represented their application as being for a new well rather than a supplemental well. **[RP 164-67]**

{6}     Plaintiffs filed a reply in support of their motion for summary judgment. **[RP 221]** Plaintiffs argued that their well was properly permitted and, even if it had been improperly permitted, it would have no bearing on this case. **[RP 222]** Defendants filed a "supplement to their alternative response" to Plaintiffs' motion for summary judgment in which they noted that Plaintiffs did not formally abandon or withdraw from the Shared Well Agreement until May 11, 2012. **[RP 239, 241, 263]**

{7}     After holding a hearing, the district court granted summary judgment in favor of Plaintiffs. **[RP 271, 274]** The district court found that Plaintiffs' property was not

---

[1] Plaintiffs agreed to allow Defendants the additional time they sought, but Defendants did not file anything further. **[MIS 7]**

4

connected to the shared well in 2008, 2009 or May 2011, and thus, Plaintiffs were not obligated to pay any portion of the costs sought by Defendants. **[RP 275]**

**DISCUSSION**

{8}     In our notice, we proposed to affirm the district court's grant of summary judgment in favor of Plaintiffs. In their memorandum in opposition, Defendants do not contest our proposed disposition with respect to one issue, but continue to argue that they are entitled to relief with respect to the remaining three issues. **[MIO 34]** We review each issue in turn, reviewing "the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." *Schwartzman v. Schwartzman Packing Co.*, 99 N.M. 436, 441, 659 P.2d 888, 893 (1983); *see also* Rule 1-056(E) NMRA. "[T]he briefs and arguments of counsel are not evidence upon which a trial court can rely in a summary judgment proceeding." *V.P. Clarence Co. v. Colgate*, 115 N.M. 471, 472, 853 P.2d 722, 723 (1993).

**A.     Disconnection From the Shared Well**

**{9}** In their docketing statement, Defendants argued the district court erred in concluding that Plaintiffs had disconnected from the shared well in March 2011. They argued that the "turning of a valve of a pipe connected to a well head" does not constitute disconnection. **[DS 13]** We proposed to conclude that Defendants failed to raise an issue of fact because Defendants did not make an affirmative showing of a factual issue by affidavit or other admissible evidence.

**{10}** In their memorandum in opposition, Defendants now argue that Plaintiffs did not disconnect from the shared well in March 2011 because the pipeline on Plaintiffs' property remained connected to the shared well after that date. **[MIO 11]** They contend the pipeline constitutes an improvement within the meaning of the Well Share Agreement, and the term "improvement" should not be limited to a house, dwelling, structure or building. **[MIO 11]** They also contend that an email exchange contradicts the facts set forth in the Affidavit of Luther Holley and indicates that Plaintiffs did not disconnect from the shared well until mid-April 2011. **[MIO 9-10]** We do not consider Defendants' new arguments because they did not raise them in the district court.

**{11}** "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987).

6

Defendants opposed Plaintiffs' motion for summary judgment in the district court, but they did not raise these particular arguments–they argued instead that Plaintiffs did not disconnect from the shared well because they could easily reconnect (by "turning . . . a valve"). **[RP 167]** Even in summary judgment proceedings, a party cannot argue new theories of liability on appeal that were not argued to the district court. *See Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 1997-NMCA-025, ¶¶ 30-32, 123 N.M. 170, 936 P.2d 852. Defendants do not specifically point out where, in the record, they invoked the district court's ruling on this issue and we see no obvious preservation. We thus decline to consider the issue. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue.").

**B.    Plaintiffs' New Permit**

{12}    In their docketing statement, Defendants argued the district court erred in granting summary judgment in favor of Plaintiffs because Plaintiffs violated New Mexico water law and thus should not have been allowed to avoid their responsibilities under the Well Share Agreement. **[DS 14-15]** We proposed to conclude that the issue of whether Plaintiffs properly obtained their permit to drill a

new well was not relevant to the questions presented in this summary judgment proceeding. In their memorandum in opposition, Defendants argue that Plaintiffs breached the Well Share Agreement "by failing to pay repair expenses *and* for violating Water Law provisions." **[MIO 26]** The district court determined that Plaintiffs did not breach the Well Share Agreement because they were not obligated to pay repair expenses and we continue to believe that issues relating to Plaintiffs' new permit to drill are not relevant here. The question of whether Plaintiffs are obligated to pay repair expenses for the shared well is a question resolved by the Well Share Agreement, not by New Mexico water law.

**C.      Summary Judgment Hearing**

{13}      In their docketing statement, Defendants argued that they were denied "a reasonable and fair opportunity to defend and prepare and present their case[.]" **[DS 13]** We understood Defendants to be raising a due process challenge and proposed to affirm based on a lack of preservation and in consideration of the merits. In their memorandum in opposition, Defendants cite case law regarding due process, but do not point to where, in the record, they raised this issue in the district court. **[MIO 33-34]** Because the issue was not preserved, we will not consider it. *See Crutchfield*, 2005-NMCA-022, ¶ 14. Outside of the constitutional context, Defendants claim they were deprived of "fair process" and "a full and fair" opportunity to present their case.

8

They also argue that Plaintiffs did not provide, or did not timely provide, certain requested discovery. Again, we do not see where, in the record, these issue were raised. Moreover, we do not see how Defendants were prejudiced by any alleged deprivation of process because they submitted briefs and attended a hearing on the summary judgment motion. To the extent the district court declined to consider Defendants' surreply, the arguments contained in the surreply do not affect our decision either on preservation or on the merits of any issue. **[MIO 32-33]**

**CONCLUSION**

{14}    For the reasons stated above and in our previous notice, we affirm the district court's grant of summary judgment in favor of Plaintiffs.

{15}    **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**



_____

**M. MONICA ZAMORA, Judge**