This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41145

**DAVID WATERMILLER and CAROLYN WATERMILLER, Individually and as Personal Representatives for the ESTATE OF LEROY MCCANDLESS, Deceased,**

Plaintiffs-Appellants,

v.

**ALBUQUERQUE POLICE DEPARTMENT, CITY OF ALBUQUERQUE, LIEUTENANT K. JOHNSTON, SERGEANT ANDREW HERPOLSHEIMER, OFFICER LEA LOPEZ, OFFICER BRADLEY AGNER, OFFICER CARLOS SCHMID, OFFICER KEVIN BEEM, and OFFICER MATTHEW CHAVEZ,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Court Judge**

Fadduol, Cluff, Hardy & Conaway, P.C.
Carlos Sedillo
Albuquerque, NM

Harrison & Hart, P.C.
Nicholas T. Hart
Albuquerque, NM

for Appellants

City of Albuquerque
Lauren Keefe, City Attorney
Kristin J. Dalton, Managing City Attorney
Albuquerque, NM

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiffs appeal the district court's order granting Defendants' Rule 1-012(B)(6) NMRA motion to dismiss Plaintiffs' complaint with prejudice. For the reasons that follow, we affirm.

**BACKGROUND**

**{2}** Plaintiffs filed the underlying lawsuit against the City of Albuquerque, the Albuquerque Police Department, and seven individual officers (collectively Defendants), alleging that Defendants mishandled their response to a call for help involving a person who was threatening suicide. In lieu of an answer, Defendants filed a Rule 1-012(B)(6) motion to dismiss for failure to state a claim, arguing that (1) the law enforcement waiver in the Tort Claims Act (TCA), NMSA 1978, § 41-4-12 (2020), does not waive immunity for negligence alone; and (2) the decedent's suicide was an independent intervening cause. In response, Plaintiffs argued that "the Tort Claims Act authorizes claims based upon negligent breaches of a statutory duty," and contended the officers had breached two statutory duties of law enforcement officers. First, citing to the definition of "law enforcement officer" found in NMSA 1978, Section 41-4-3(D) (2015) of the TCA, Plaintiffs claimed that the officers breached a statutory duty to maintain public order. Second, Plaintiffs claimed that the officers had breached a statutory duty to involuntarily commit the decedent under NMSA 1978, Section 43-1-10(A)(3) (2013) (stating that "[a] peace officer may detain and transport a person for emergency mental health evaluation and care in the absence of a legally valid order from the court" in certain circumstances).

**{3}** In conjunction with their response, Plaintiffs filed an amended complaint that included one additional paragraph expressly identifying their statutory claims. Defendants again filed a motion to dismiss in lieu of an answer, which specifically focused on Plaintiffs' statutory theories and argued that neither of the statutory sections created a duty for the officers. Defendants maintained that "[b]ecause Plaintiffs' [a]mended [c]omplaint has not sufficiently pled a violation of a statutory duty by Defendants or any other waiver of immunity pursuant to the TCA, they have failed to state a claim upon which relief can be granted." After reviewing the motions and conducting a hearing, the district court granted Defendants' motion and dismissed Plaintiffs' amended complaint with prejudice.

**DISCUSSION**

**Standard of Review**

**{4}** "A district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6) is reviewed de novo." *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917 (internal quotation marks and citation omitted). A Rule 1-012(B)(6) motion

"tests the legal sufficiency of the complaint, not the factual allegations." *Walsh v. Montes*, 2017-NMCA-015, ¶ 6, 388 P.3d 262 (internal quotation marks and citations omitted). "On review, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of [the] sufficiency of the complaint." *Id.* "Under Rule 1-012(B)(6), dismissal is appropriate only if the non-moving party is not entitled to recover under any theory of the facts alleged in their complaint." *Walsh*, 2017-NMCA-015, ¶ 6 (internal quotation marks and citation omitted).

**{5}**    Plaintiffs argue that they alleged viable claims under the TCA and the district court improperly dismissed their complaint. Because Defendants are governmental entities and employees, they are immune from actions in tort unless Plaintiffs' claims fall within a waiver of immunity specified in the TCA. *Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶ 8, 140 N.M. 205, 141 P.3d 1259 (citing NMSA 1978, § 41-4-4 (2001)). In this case, Plaintiffs rely on the law enforcement waiver in Section 41-4-12, which was amended in 2020 and provides that

> [t]he immunity granted pursuant to Subsection A of Section 41-4-4 . . . does not apply to liability for personal injury, bodily injury, *wrongful death* or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights, the independent tort of negligent spoliation of evidence or the independent tort of intentional spoliation of evidence, *failure to comply with duties established pursuant to statute or law* or any other deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties. For purposes of this section, "law enforcement officer" means a public officer or employee vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of or convicted of committing a crime, whether that duty extends to all crimes or is limited to specific crimes.

(Emphasis added.) Citing the portions of the waiver italicized above, Plaintiffs contend that this case involves a wrongful death caused by law enforcement officers' "failure to comply with duties established pursuant to statute or law." *See id.* In particular, Plaintiffs contend that Defendants (1) failed to comply with a common law duty of ordinary care, (2) breached their duty to maintain public order, and (3) had a duty to intervene because their actions created a special relationship with the decedent. Although Plaintiffs offer cogent arguments in their briefing, these arguments were not preserved below.

## I.    Breach of the Duty of Ordinary Care

**{6}**    Plaintiffs first argue that Defendants breached a common law duty to exercise ordinary care. *See Cross v. City of Clovis*, 1988-NMSC-045, ¶ 6, 107 N.M. 251, 755 P.2d 589 (stating that "a law enforcement officer has the duty in any activity actually undertaken to exercise for the safety of others that care ordinarily exercised by a

reasonably prudent and qualified officer in light of the nature of what is being done"). Having reviewed the record with care, we conclude this claim was not preserved.

**{7}** Plaintiffs did not raise the common law duty of care as an independent basis for Defendants' liability. In the district court, Plaintiffs argued that Defendants breached two *statutory* duties under Section 41-4-3(D) and Section 43-1-10(A)(3). While Plaintiffs assert that they preserved their common law claims in addition to their statutory claims based on discussion throughout their briefing on Defendants' motions to dismiss, Plaintiffs' claims were consistently and solely framed as statutory in nature. Plaintiffs' citation to *Cross* and *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, 121 N.M. 646, 916 P.2d 313, appear in support of those statutory claims. As such, it does not appear that common law liability was preserved, and we decline to consider it for the first time on appeal. *See Ferebee v. Hume*, 2021-NMCA-012, ¶¶ 25-26, 485 P.3d 778 (declining to consider an argument not raised below because the opposing party did not have a fair opportunity to respond to the argument below and the district court did not have an opportunity to address it); *Vill. of Angel Fire v. Bd. of Cnty. Comm'rs*, 2010-NMCA-038, ¶¶ 14-18, 148 N.M. 804, 242 P.3d 371 (same); *see also Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").

## II.     Breach of Duty Under Section 41-4-3(D)

**{8}** Plaintiffs next argue that the officers in this case breached their duty under Section 41-4-3(D) to maintain public order.[1] Plaintiffs raised the duty to maintain public order below, but their arguments have changed on appeal.

**{9}** Below, Plaintiffs argued that Defendants breached a statutory duty to maintain public order under Section 41-4-3(D), which defines the term "law enforcement officer" as used in the TCA. *See* § 41-4-3(D) (stating that "'law enforcement officer' means a full-time salaried public employee of a governmental entity, or a certified part-time salaried police officer employed by a governmental entity, whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes"). *But see* § 41-4-12 (including another definition of "law enforcement officer" for purposes of that section). In their briefing on appeal, Plaintiffs do not appear to advocate that Section 41-4-3(D) creates a statutory duty and have not offered any argument to explain how Section 41-4-3(D), a definitional provision, establishes a duty for purposes of the law enforcement waiver in Section 41-4-12.

---

[1]Plaintiffs did not offer any argument concerning Section 43-1-10 in their brief in chief, and only mention this section in a single sentence in their reply brief. They do not appear to have renewed their contention that Defendants breached a statutory duty to detain the decedent under Section 43-1-10. To the extent Plaintiffs suggest that the officers were under a common law duty to exercise their authority to involuntarily commit the decedent, this argument suffers from the same problem described in this section with respect to Section 41-4-3(D): Plaintiffs did not invoke a ruling on the common law standard in the district court.

**{10}** Instead of arguing that Defendants breached a *statutory* duty to maintain public order, as they did below, Plaintiffs now contend that officers by definition have a duty to maintain public order, which is informed by the standard of ordinary care articulated in *Cross*, 1988-NMSC-045, ¶ 6. As described, Plaintiffs' characterization of Defendants' failure to comply with a duty to maintain public order is now grounded in the common law, rather than in statute. This particular argument was not raised below, and the district court was not given an opportunity to rule on this issue on the same grounds presented here. We decline to review it on that basis. *See Vill. of Angel Fire*, 2010-NMCA-038, ¶ 15.

### III.    Special Relationship

**{11}** Finally, Plaintiffs contend that Defendants had a duty to intervene and aid the decedent because their actions created a special relationship with the decedent. *See Johnstone v. City of Albuquerque*, 2006-NMCA-119, ¶ 7, 140 N.M. 596, 145 P.3d 76 ("To impose a duty [to protect another from harm], a relationship must exist that legally obligates [the d]efendant to protect [the p]laintiff's interest. Absent such a relationship, there exists no general duty to protect others from harm." (citations omitted)). Here, too, Plaintiffs' argument has changed.

**{12}** In the district court, Plaintiffs did not argue the existence of a special relationship as an independent basis for holding Defendants liable. They instead advanced the existence of a special relationship in an effort to counter Defendants' argument that the decedent's suicide was an independent intervening cause. Now, Plaintiffs attempt to expand what was a defensive argument below into an offensive one on appeal. For a number of reasons, we decline to reverse the district court on this basis.

**{13}** First, to the extent New Mexico has recognized that a special relationship may exist between one who takes custody over another, *see Johnstone*, 2006-NMCA-119, ¶ 14, Plaintiffs have not alleged any facts establishing that the decedent was in the custody of Defendants while they were present at the decedent's residence; at the time of the decedent's suicide, all Defendants had left the area and had been gone for some time pursuant to the decedent's admonitions that they, in essence, leave him alone.

**{14}** Rather than establishing that a custodial relationship had been formed, Plaintiffs alleged that Defendants had a duty to take the decedent into custody but failed to do so. Below, Plaintiffs specifically alleged that Defendants were under a statutory duty to take the decedent into custody—an argument the district court rejected given the permissive nature of Section 43-1-10(A). On appeal, Plaintiffs now additionally contend Defendants were under a common law duty to act reasonably—a claim not presented to the district court. *See Vill. of Angel Fire*, 2010-NMCA-038, ¶ 16. Plaintiffs would have this Court expand the special relationship doctrine beyond the focus of jail, prison, or other forms of direct detention, but have provided no justification or authority for doing so. *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (stating that an appellate court will not make arguments on behalf of the appellant). Without a record created in the district court and arguments developed in this Court that could legally and

factually justify such an expansion, we decline to consider the matter further. As the case was developed in the district court, Plaintiffs' allegations do not sufficiently allege a special relationship that could give rise to TCA liability.

**CONCLUSION**

**{15}** Based on the foregoing, we affirm.

**{16}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**