This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ASHLEY VIGIL,**

Worker-Appellant,

v.

**NO. 32,647 & 32,657**
**(Consolidated)**

**GENERAL PARTS, and**
**NEW HAMPSHIRE INSURANCE**
**COMPANY, c/o GALLAGHER**
**BASSETT,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

Michael J. Doyle
Los Lunas, NM

for Appellant

Hoffman Kelley, LLP
Michelle D. Lopez
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     The memorandum opinion filed on April 28, 2014, is withdrawn and the following memorandum opinion is substituted in its place. Worker, Ashley Vigil, suffered a compensable workplace accident on December 6, 2010, and received non-emergency medical care following the accident. She appeals from an order entered by the Workers' Compensation Judge (WCJ) sustaining the objection to her notice of change of healthcare provider (HCP) filed by Employer, General Parts, and its insurer, New Hampshire Insurance Co., c/o Gallagher Bassett (collectively, Employer). Employer concedes that the WCJ erred in concluding that a letter it sent to Worker satisfied its requirement to notify Worker of the HCP selection process. *See* 11.4.4.11(C)(2)(a) NMAC (6/13/2003). Based on this concession, we must reverse the WCJ's order. We remand for the WCJ to consider in the first instance whether Employer presented sufficient evidence to be entitled to relief on alternate grounds and to consider Worker's request for attorney fees and costs.

**DISCUSSION**

{2}     The Workers' Compensation Act provides, in pertinent part, that "[t]he employer shall initially either select the health care provider for the injured worker or permit the injured worker to make the selection." NMSA 1978, § 52-1-49(B) (1990). The employer is required to communicate its decision with respect to which party will

choose the initial HCP to the worker in writing, within a reasonable period of time. *See* 11.4.4.11(C)(2)(a) NMAC (6/13/2003); *see also Howell v. Marto Elec.*, 2006-NMCA-154, ¶¶ 15, 18, 140 N.M. 737, 148 P.3d 823. If the employer fails to give the required notice, then "the employer shall be presumed, absent other evidence, to have selected the HCP initially." 11.4.4.11(C)(2)(b) NMAC (6/13/2003).

{3}     The WCJ concluded that Employer satisfied the notice requirement set forth at 11.4.4.11(C)(2)(a) NMAC (6/13/2003) by sending a letter to Worker on April 28, 2011, advising her of the HCP selection process and notifying her that it was exercising its right of second selection. Employer concedes in its answer brief that the letter it sent to Worker "almost certainly qualifies as a 'confirmatory' notice letter, which does not satisfy the [written] notice requirement." *See, e.g.*, *Rico v. Montoya*, No. 31,127, mem. op. (N.M. Ct. App. June 16, 2011) (non-precedential); *Cribbs v. Coastal Chem.*, No. 29,896, mem. op. (N.M. Ct. App. Sept. 30, 2010) (non-precedential). Employer recognizes that, based on this concession, it is presumed to have selected the initial HCP.

{4}     Employer asks us to find that it presented sufficient "other evidence" to overcome the presumption set forth at 11.4.4.11(C)(2)(b) NMAC. *See* 11.4.4.11(C)(2)(b) NMAC (6/13/2003) (stating that "the employer shall be presumed, *absent other evidence*, to have selected the HCP initially." (emphasis added)).

Employer points specifically to evidence that one of Worker's healthcare providers informed Worker of her HCP selection rights in a telephone conversation on January 24, 2011. Whether such evidence is sufficient to overcome the presumption is an interesting question, and one that we have not decided previously. *See, e.g.*, *Howell*, 2006-NMCA-154, ¶ 33 (holding that "the WCJ erred as a matter of law in concluding that the presumption in 11.4.4.11(C)(2)(b) NMAC [(6/13/2003)] could be rebutted by evidence that [the e]mployer did not deliberately select [a particular provider] as the initial HCP [and] express[ing] no opinion as to whether [the e]mployer may otherwise rebut the presumption with other evidence. . . .").

{5}     Worker argues, however, that this issue was not preserved for our review. Employer claims that it preserved the issue "implicitly rather than [in] a more heavy-handed approach." Employer argues: "While not explicitly citing 11.4.4.11(C)(2)(b) [NMAC 6/13/2003] or directly stating that there was sufficient evidence to rebut the presumption, [Employer]'s closing argument was predicated on establishing that enough testimony was elicited to successfully rebut the presumption." We are not persuaded.

{6}     Initially, we recognize that Employer's implicit argument may be reviewed by this Court. *See Cordova v. World Finance Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901 (stating that "[g]enerally, an appellee has no duty to preserve

4

issues for review and may advance any ground for affirmance on appeal"(internal quotation marks and citation omitted)). However, the record reflects that in its requested findings and conclusions, Employer argued only that the letter it sent to Worker on April 28, 2011, satisfied the notice requirement; it did not argue that it presented sufficient other evidence to overcome the presumption that it selected the initial HCP. The other evidence Employer now asks this Court to consider is the telephone conversation between Appellant and Mr. Badali on January 24, 2011. It is not clear whether the specific content of this conversation was presented as part of the evidence or just referenced in Employer's arguments to the district court. Whether such evidence would rebut the presumption is not sufficiently developed for our review. Based upon our analysis in *Howell*, the district court must articulate how this specific conversation on January 24, 2011, to the extent it was part of the record, was sufficient to rebut the presumption created by noncompliance with the written notice requirements in 11.4.4.11(C)(2)(a) NMAC (6/13/2003). *See Howell*, 2006-NMCA-154, ¶¶ 25-32.

{7}    We thus reverse the WCJ's order. We conclude that the letter Employer sent to Worker did not satisfy the written notice requirement set forth at 11.4.4.11(C)(2)(a) NMAC (6/13/2003). We remand for the WCJ to consider, in the first instance, whether Employer previously presented sufficient "other evidence" to overcome the

presumption set forth at 11.4.4.11(C)(2)(b) NMAC (6/13/2003). We emphasize that Employer may not present any evidence that was not presented at the previous hearing. The WCJ must base any determination on the evidence presented at the previous hearing. The WCJ must also consider Worker's claim for attorney fees and costs and make appropriate findings and conclusions on that claim.

**CONCLUSION**

{8}	For the foregoing reasons, we reverse the WCJ's order sustaining Employer's objection to Worker's notice of change of HCP. We remand for the WCJ to consider and determine whether Employer previously presented sufficient "other evidence" to overcome and rebut the presumption set forth at 11.4.4.11(C)(2)(b) NMAC, and to also consider Worker's request for attorney fees and costs.

{9}	**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____

**J. MILES HANISEE, Judge**