This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                  **No. 33,726**

**LARRISON PRICE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Lovelace, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}     Defendant appeals from the district court's affirmance of his convictions for DWI and having no driver's license. [RP 4, 127, 133] Our notice proposed to affirm

and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments, and therefore affirm.

{2}  In issue I, Defendant continues to argue that the officer lacked probable cause for his arrest. [DS 16; MIO 16; RP 111, 119, 129] *See generally State v. Granillo-Macias*, 2008-NMCA-021, ¶¶ 7, 9, 143 N.M. 455, 176 P.3d 1187 (setting forth our standard of review and providing that probable cause to arrest exists "when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed"). As support for his continued argument, Defendant refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. [MIO 16-17]

{3}  For the reasons detailed in our notice, we conclude that the officer had probable cause to arrest. In doing so, we acknowledge Defendant's emphasized argument that "[t]he fact that [he] had an odor of alcohol does not show impairment." [MIO 17] Here, however, as detailed in our notice, the officer did not rely solely on the odor of alcohol to establish probable cause to arrest Defendant, as additional  factors supported the probable cause determination. And while Defendant maintains that reasons other than alcohol consumption could have caused his bloodshot and watery eyes and poor performance on the standardized field sobriety tests (SFSTs) [MIO 17],

these were matters for the fact finder to consider. *See generally State v. Garcia*, 2009-NMCA-107, ¶ 21, 147 N.M. 150, 217 P.3d 1048 (recognizing that the jury is free to reject the defendant's version of the events); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

{4}     And to the extent Defendant additionally attacks the efficacy of field sobriety tests in general to show that a driver may be impaired to drive [MIO 17], we point out that case law considers a driver's performance on SFSTs as generic evidence that is relevant to a driver's impairment, even if it is not a definitive measure. *See, e.g., State v. Lasworth*, 2002-NMCA-029, ¶ 14, 131 N.M. 739, 42 P.3d 844; *see also State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20, (recognizing that a defendant's performance on motor skills exercises is one of the self-explanatory tests that reveal common physical manifestations of intoxication); *Granillo-Macias*, 2008-NMCA-021, ¶ 12 (holding that the odor of alcohol, lack of balance at the vehicle, and failure to satisfactorily perform field sobriety tests supported an objectively reasonable belief that the defendant had been driving while intoxicated, and thus constituted probable cause to arrest).

**{5}** In issue II, Defendant continues to argue that the admission of the breath card was improper because there was no evidence that Defendant was arrested for DWI. [DS 16; MIO 18; RP 113, 123, 130] As in issue (I), Defendant refers to *Franklin* and *Boyer* in support of his continued argument. [MIO 19]

**{6}** As we provided in our notice, there is no indication that Defendant objected below to admission of the breath card on this particular basis. [RP 131; DS 10, 12] *See generally Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 (providing that to properly preserve an issue, "it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court"). However, apart from the lack of preservation, and as also provided in our notice, the fact of Defendant's arrest was nonetheless implicit from Officer Miller's testimony. While the prosecutor did not directly ask the officer whether he arrested Defendant, he did ask the officer whether he arrested everyone he investigated for DWI, to which the officer responded that he did not because not everyone shows signs of impairment to drive. [RP 124] Given this testimony, along with the officer's other testimony that Defendant exhibited signs of intoxication and performed poorly on SFSTs [RP 120], we conclude that it could be reasonably inferred that evidence was presented that the officer arrested Defendant. Because evidence of Defendant's arrest was presented, we need not engage in a fundamental error review. [MIO 21]

4

{7}     And lastly, to the extent Defendant argues that the breath test was improperly admitted due to concerns about the twenty-minute observation period [DS 12, 13-14; MIO 20-21], as we pointed out in our notice, the evidentiary value of the breath card was limited [RP 108] and not even necessary to support Defendant's conviction for DWI based on impairment to the slightest degree. Although the breath card could be considered to show there was alcohol in Defendant's system, other evidence showed this as well, namely, Defendant's bloodshot and watery eyes, odor of alcohol, admission to drinking lots of alcohol the night before, and poor performance on the field sobriety tests. [RP 128]

{8}     To conclude, for the reasons discussed above and in our notice, we affirm Defendant's convictions.

{9}     **IT IS SO ORDERED.**


_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**M. MONICA ZAMORA, Judge**

5