This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WELLS FARGO BANK, N.A.,**

Plaintiff-Appellee,

v.                                                                                    **NO. 34,078**

**SHEMINA NAGJI, a married person as her**
**sole and private estate; CHARTER BANK;**
**ABC Corporations I-X, XYZ Partnerships I-X,**
**John Does I-X and Jane Does I-X, THE UNKNOWN**
**HEIRS AND DEVISEES OF ANY OF THE ABOVE,**
**IF DECEASED,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

McCarthy & Holthus, LLP
Jeanette Whittaker
Albuquerque, NM

for Appellee

Joshua R. Simms, PC
Joshua R. Simms
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals the district court's money judgment and decree of foreclosure, based on a promissory note and mortgage sued on by Plaintiff. We issued a notice proposing to affirm the district court's order, and Defendant has responded with a memorandum in opposition. We are not persuaded by the memorandum and affirm for the reasons stated below and in the notice of proposed disposition.

{2}     Defendant first argues that although Plaintiff may have established that it is the holder of the promissory note, it did not establish that it is the owner of the note. [MIO 1] Defendant relies on a statement in *Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1, to the effect that the bank in that case had the burden of establishing "timely ownership" of the note in order to establish its authority to pursue a foreclosure action. Reading the *Romero* opinion as a whole, however, it is clear that the Supreme Court's mention of ownership was not intended to legally distinguish that concept from status as a holder of a negotiable instrument under the Uniform Commercial Code (UCC). As *Romero* states in subsequent paragraphs, under the UCC a holder of an instrument is entitled to enforce that instrument. *Id.* ¶¶ 20-21. In this

case, therefore, it was sufficient for standing purposes for Plaintiff to establish that it was the holder of the promissory note. In the notice, we discussed the fact that Plaintiff had done so by attaching to its complaint a copy of the promissory note bearing a special indorsement from the original lender to Plaintiff, and an indorsement in blank. Defendant has not challenged that discussion, and we therefore hold, for the reasons stated in the notice, that Plaintiff had standing to enforce the promissory note. *See Hennessy v. Duryea,* 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that a party opposing summary disposition has the burden to clearly point out errors in fact or law contained in the notice of proposed disposition).

{3}    Defendant also disputes our statement in the notice that a mortgage automatically follows the promissory note, and our proposed holding that Defendant's argument attacking the assignment of the mortgage by MERS is therefore unavailing. In making that statement and proposed holding, we relied on an opinion issued in the case of *Flagstar Bank FSB v. Licha*, (No. 33,150, Feb. 18, 2015). Upon a motion for rehearing, however, that opinion was withdrawn and a new opinion has recently been filed. *Flagstar Bank FSB v. Licha*, ___-NMCA-___, ___ P.3d ___ (No. 33,150, June 4, 2015). Although the new opinion removes the "automatically follows" language that we relied on in the notice, this removal does not aid Defendant. While narrowing that particular bit of language, the revised *Flagstar* opinion points out that where

3

MERS has the status of a nominee, it has the authority to assign a mortgage. *See Flagstar*, \_\_\_-NMCA-\_\_\_, ¶ 17. In *Flagstar*, we also stated that a party's bare assertion that MERS lacks authority to assign a mortgage, without any attempt to distinguish MERS's status in the current case from its status as a nominee as discussed by the Supreme Court in the *Romero* case, will not be a basis for invalidating the assignment of the mortgage. *Id.* That is exactly the situation here—following trial the district court specifically found that MERS assigned the mortgage as the nominee for a successor in interest to the original lender, and therefore the assignment properly assigned the beneficial interest in the mortgage to Plaintiff. [RP 413] In other words, the district court determined that MERS had exactly the same status in this case as it did in the *Flagstar* and *Romero* cases, as nominee for the original lender or a successor in interest to that lender. Defendant has not challenged that finding with any reference to facts in the record, and we therefore determine that MERS's assignment of the mortgage in this case was valid, as was the assignment in *Flagstar*.

{4}    Defendant's final argument makes reference to the alleged fact that the assignment of the mortgage from MERS to Plaintiff may not have been properly recorded. [MIO 3-4, 7] Defendant appears to rely on this alleged fact to argue that the assignment is therefore invalid and ineffective to transfer any interest in the mortgage to Plaintiff. This argument was not made below or in Defendant's docketing

4

statement, and we therefore treat this argument as a motion to amend the docketing statement. We deny the motion to raise this new argument, because, as discussed below, it was not preserved in the district court and Defendant has not demonstrated that it is legally or factually viable. *See State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (discussing requirements for amending a docketing statement, including that issue sought to be raised must have been preserved below and must be viable).

{**5**}     We can find no mention of the "recording" argument in Defendant's written closing argument, and the district court did not mention the issue in its findings and conclusions. [RP 377-83, 409-16] Furthermore, as we pointed out above, the issue was not discussed in Defendant's docketing statement, which is further evidence that it was not raised in the district court. Finally, Defendant has not explained how it was raised below. We therefore find it was not raised in the district court and was not preserved for appeal. *See, e.g.*, *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").

{**6**}     Furthermore, Defendant has not shown that the argument is supported in either fact or law. Defendant's mere assertion that the MERS assignment was not recorded

is not evidence, so the factual basis for Defendant's argument has not been established. *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 (noting that mere assertions and arguments of counsel are not evidence). In addition, Defendant has cited no authority for the novel proposition that the failure to record a transaction renders that transaction legally ineffective, and the only authority we have found is to the contrary. The purpose of the recording statute is limited to protecting subsequent good-faith purchasers for value or judgment-lien holders, not to give the transaction legal validity. *See, e.g.*, *Withers v. Bd. of Cnty. Comm'rs of San Juan County*, 1981-NMCA-032, ¶ 6, 96 N.M. 71, 628 P.2d 316. Defendant's argument therefore appears to fail both factually and legally, and we deny the implied motion to amend the docketing statement on that basis as well as on the basis that the argument was not preserved below.

{7}     Based on the foregoing, we affirm the district court's money judgment and decree of foreclosure.

{8}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

6

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**