This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                 **Nos. 33,955 & 33,956**
                        **(Consolidated)**

**RANDY HARDY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Defendant Randy Hardy challenges the district court's revocation of his probation. Defendant argues that he was denied due process when the district court revoked his probation based solely on hearsay testimony without considering whether good cause existed for not requiring confrontation. Defendant further contends that, to the extent this issue was not preserved, he received ineffective assistance of counsel. We affirm.

**BACKGROUND**

{2} On September 16, 2013, Defendant entered a guilty plea to one charge of breaking and entering and one charge of criminal damage to property. On the same day, Defendant entered a guilty plea to larceny and larceny of a firearm in a separate criminal matter. Defendant was sentenced to a term of supervised probation in each case. On January 12, 2014, Defendant was arrested for attempted burglary. Based on the January 12, 2014 arrest, the State petitioned to revoke probation in both cases.

{3} The district court held one hearing for the two revocation petitions since the allegations in the two petitions were the same. At the hearing, the State presented the testimony of Patricio Robles, Defendant's adult probation officer (APO Robles). APO Robles testified that after Defendant failed to report for a scheduled appointment APO Robles found Defendant's name on the Lea County Detention Center roster. APO Robles called the detention center and learned that Defendant was arrested for

attempted burglary. APO Robles also obtained a copy of the police report detailing the arrest and completed a probation violation report.

{4}     No additional evidence was presented in support of the State's motion to revoke Defendant's probation. The district court noted that APO Robles's testimony was double hearsay, since it was based on the police report. The parties agreed that hearsay evidence could be considered in an informal hearing. Defense counsel added that confrontation rights in such a hearing "are somewhat limited" and that when hearsay evidence is presented, the court can weigh the evidence as it chooses. After a short recess, the district court announced its finding that Defendant violated the conditions of his probation and sentenced him to ten months confinement followed by a return to probation.

{5}     The district court entered orders revoking Defendant's probation in the case involving the breaking and entering and criminal damage to property charges, as well as the case involving the larceny and larceny of a firearm charges. Defendant appealed both orders and this Court consolidated the appeals.

**DISCUSSION**

{6}     On appeal Defendant argues that the district court erred in revoking his probation based solely on hearsay evidence without finding good cause for not allowing confrontation. The State claims, however that this issue was not preserved.

3

**Preservation**

{7} "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked, but formal exceptions are not required, nor is it necessary to file a motion for a new trial to preserve questions for review." Rule 12-216(A) NMRA. "In analyzing preservation, [the appellate courts] look to the arguments made by [the d]efendant below." *State v. Vandenberg*, 2003-NMSC-030, ¶ 52, 134 N.M. 566, 81 P.3d 19. "To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717.

{8} In this case, defense counsel did not object to APO Robles's testimony at the probation revocation hearing, or to the information on which APO Robles relied on as evidence of a probation violation. Defense counsel acknowledged Defendant's limited confrontation rights. However, defense counsel did not object to the hearsay evidence or argue that Defendant was entitled to confront and cross-examine adverse witnesses. Nor did he argue that Defendant was denied due process of law when confrontation was not required. As a result, this issue was not preserved for appellate review. However, Defendant maintains that the denial of due process constituted fundamental error. *See* Rule 12-216(B)(2) (providing appellate court discretion as an

4

exception to the preservation rule to review questions involving fundamental error or fundamental rights).

**Fundamental Error**

{9} Fundamental error exists "if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Caldwell*, 2008-NMCA-049, ¶ 22, 143 N.M. 792, 182 P.3d 775 (internal quotation marks and citation omitted); *see State v. Barber,* 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (explaining that fundamental error includes both "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

{10} Defendant argues that his due process right to confront and cross-examine adverse witnesses during a probation revocation hearing cannot be denied absent a finding of good cause and that it was fundamental error for the district court not to consider the factors for determining whether good cause exists for not requiring confrontation, as set forth by our Supreme Court in *State v. Guthrie*, 2011-NMSC-014, ¶¶ 35-37, 150 N.M. 84, 257 P.3d 904. We are unpersuaded.

{11} Defendant is correct that as a probationer, he enjoys a due process right to confront and cross-examine adverse witnesses during a probation revocation hearing.

*Id.* ¶ 12. However, this right is not absolute. *See id.* ("Significantly, live testimony of adverse witnesses, such as a probation officer, is not always required during probation revocation hearings." (emphasis omitted)). Our case law is clear that the protections afforded during a probation revocation hearing are not the same as those provided during a criminal trial, because the liberty interest at stake is not the same. *See id.* ¶ 10 ("Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply." (alterations, internal quotation marks, and citation omitted)).

**{12}** The *Guthrie* court described a spectrum for determining whether there is good cause for not requiring confrontation. *See id.* ¶ 40. On one end of the spectrum, good cause for not requiring confrontation will most likely exist where "the state's evidence is uncontested, corroborated by other reliable evidence, and documented by a reliable source without a motive to fabricate, or possibly situations where the evidence is about an objective conclusion, a routine recording, or a negative fact, making the demeanor and credibility of the witness less relevant to the truth-finding process." *Id.* On the other end of the spectrum, good cause will most likely *not* exist where "evidence is contested by the defendant, unsupported or contradicted, and its source has a motive to fabricate; it is about a subjective, judgment-based observation that is

subject to inference and interpretation, and makes a conclusion that is central to the necessary proof that the defendant violated probation." *Id.* ¶ 41.

{13}     In applying these standards, the *Guthrie* court held that confrontation was not required where (1) the defendant did not contest the state's allegation that he had failed to complete his treatment at the rehabilitation center; (2) the defendant failed to offer any evidence to mitigate his failure to abide by his probation requirements; (3) the failure to complete residential treatment was an objective, negative, and routine fact; and (4) there was no known motive of the probation officer to fabricate or deceive the court. *Id.* ¶¶ 45-47.

{14}     Here, APO Robles testified that Defendant was arrested for attempted auto burglary APO Robles's testimony was based on information he obtained by calling the Lea County Detention Center and on information in the arrest report. Defendant has not challenged the veracity of APO Robles's testimony or the information on which the testimony was based. Nor has Defendant indicated that he offered any evidence to mitigate the alleged probation violation.

{15}     The *Guthrie* court specifically noted that "the purpose of the [revocation] hearing is to evaluate *contested* relevant facts." *Id.* ¶ 12 (internal quotation marks and citation omitted). The court further recommended that in evaluating the utility of confrontation, a court needs to consider whether the assertion is contested or whether

7

the state is simply being asked to produce a witness to establish something that is essentially uncontroverted. *Id.* ¶ 34. Defendant is asking us to do the latter. Defendant has not set forth any argument about a purpose, or need for a live witness to establish unchallenged facts of a hearsay nature. *See Morrissey v. Brewer*, 408 U.S. 471, 487-88 (1972) (holding that only contested relevant facts must be evaluated during a hearing to guarantee due process); *see also Guthrie*, 2011-NMSC-014, ¶ 35 (noting that *Morrissey* "recognized that the procedural protections inherent in the truth-finding process, . . . are only unecessary when the truth of the state's allegations is challenged").

{16}     It appears that the facts underlying the State's motion to revoke Defendant's probation were uncontroverted below and remain uncontroverted on appeal. As a result, we conclude, based on *Guthrie*, that Defendant has failed to demonstrate a due process violation resulting from the admission of APO Robles's hearsay testimony at his probation revocation hearing. Therefore, the district court did not commit fundamental error.

**Ineffective Assistance of Counsel**

{17}     Defendant claims that he received ineffective assistance of counsel based on defense counsel's failure to object to Robles's hearsay testimony, which resulted in the denial of Defendant's due process right to confront and cross-examine adverse

witnesses. "We review claims of ineffective assistance of counsel de novo." *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44.

{18} "The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees . . . the right to the effective assistance of counsel." *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 16, 130 N.M. 179, 21 P.3d 1032 (internal quotation marks and citation omitted). "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "A prima facie case of ineffective assistance is made by showing that defense counsel's performance fell below the standard of a reasonably competent attorney and, due to the deficient performance, the defense was prejudiced." *Patterson*, 2001-NMSC-013, ¶ 17 (internal quotation marks and citation omitted).

{19} As to the first prong, "[d]efense counsel's performance is deficient if it falls below an objective standard of reasonableness[,]" usually judged as an action contrary to "that of a reasonably competent attorney." *Dylan J.*, 2009-NMCA-027, ¶ 37. Our review of counsel's performance is "highly deferential" in that counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* (internal quotation marks and citation omitted). Therefore, a defendant "must overcome the presumption that, under

9

the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). "If there is a plausible, rational strategy or tactic to explain counsel's conduct, a prima facie case for ineffective assistance is not made." *Dylan J.*, 2009-NMCA-027, ¶ 39.

**{20}** The purpose of a revocation hearing is to give the probationer the "opportunity to be heard and to show, if he can, that he did not violate the conditions of his probation, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Guthrie*, 2011-NMSC-014, ¶ 11 (internal quotation marks and citation omitted). Defendant apparently chose not to contest the alleged violation, or to show mitigation, thus, the due process right to confrontation was not triggered. *See id.* ¶ 35 (reiterating that "only contested relevant facts must be evaluated during a hearing" (emphasis omitted)). We cannot say that defense counsel's decision not to object on due process grounds was objectively unreasonable where there appears to have been no basis for such an objection. Accordingly, we determine Defendant has failed to establish a prima facie case of ineffective assistance of counsel.

**CONCLUSION**

**{21}** For the foregoing reasons we affirm.

**{22}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief  Judge**

_____

**J. MILES HANISEE, Judge**

11