This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARION DUBEAU,**

Petitioner-Appellee,

v.                                         **NO. A-1-CA-36719**

**JOHN HOGDEN,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Judge**

Cuddy & McCarthy, LLP
Julie A. Wittenberger
Santa Fe, NM

for Appellee

John Hogden
Santa Fe, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Respondent John Hogden, a self-represented litigant, appeals from the district court's omnibus order denying pending motions, filed August 18, 2017 [2 RP 270-73;

DS 3], and the district court's order denying his request for recusal and adopting the priority consultation recommendations, filed October 12, 2016 [1 RP 127-32; 2 RP 273; DS 3]. We issued a notice of proposed summary disposition in which we proposed to affirm. Respondent filed a timely memorandum in opposition to our notice of proposed disposition, which we have duly considered. Additionally, Respondent asks this Court for thirty (30) days to amend his appeal to address our concerns set forth in the notice of proposed disposition. [MIO 3-4, 44] Because the issues that Respondent argues in his response are outside the scope of this appeal and are not appropriately before us, we deny his request for additional time to amend his appeal. Moreover, we affirm the district court's orders.

{2}     We previously set forth the relevant background information and principles of law in the notice of proposed summary disposition. Specifically, we noted that a final decree of dissolution of marriage was entered in April 2011, and Respondent subsequently sought to modify custody via a motion in April 2016. [CN 3] In July 2017, Respondent filed eight motions with the district court seeking to invoke judgments on (1) whether his ex-wife had committed felony contempt of the district court; (2) whether the best interests of the child supersedes protection of speech acts; (3) whether his ex-wife had contributed to the delinquency of a minor; (4) double jeopardy and equal protection; (5) whether the district court's order violated

2

Respondent's right to face his accuser; (6) whether it is in the best interests of the child to put constraints on his relationship with a child abuser; (7) whether the district court's order libels Respondent; and (8) whether the district court's order violates Respondent's right to free speech. [CN 3] The district court denied each of these motions, finding that the youngest child in this case turned 18 years old on July 26, 2017, there was no basis for relief in these motions, and the motions were moot. [CN 3-4] We stated that, as an appellate court, our role is only to review error in certain rulings of the district court, and the burden is on the appellant to clearly demonstrate error. [CN 4] *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that appellate courts employ a presumption of correctness in the rulings of the district court and the burden is on the appellant to clearly demonstrate error).

{3}     Given that we were not persuaded that Respondent had met his burden, we declined to address the issues raised by Respondent that were deemed moot by the district court and could have no effect on the resolution of this case. [CN 4] *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions."); *see also Allen v. Lemaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806 (observing that "courts exercise judicial restraint by deciding cases on the narrowest

possible grounds and avoid reaching unnecessary constitutional issues"); *State v. Ordunez,* 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)). Additionally, we stated that, to the extent Respondent had raised new issues before this Court and sought relief that he did not previously seek before the district court, he did not preserve these issues and they are outside the scope of our appellate review. [CN 4-5] *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Accordingly, we proposed to affirm. [CN 5]

{4}     In response, Respondent concedes that the child in question turned 18 years old so the child custody issue is moot. [MIO 5] However, Respondent asserts that he is not appealing the custody issue. [MIO 5] Instead, Respondent is appealing issues of libel, harassment, due process, and infringements on the First Amendment. [MIO 5, 17] Among many requests and arguments, Respondent asks this Court to state that he is not a child abuser [MIO 10; *but see* RP 268]; to declare that the best interests of the child standard is unconstitutionally vague [MIO 17, 25]; to order the Judicial Education Center to immediately discontinue its domestic violence education program

4

and only restart it when a scientifically supported and gender-neutral program is developed [MIO 22]; to order the Children, Youth and Families Department (CYFD) to immediately discontinue any discriminatory domestic violence education programs and restart training when a scientifically supported and gender-neutral program is developed [MIO 22]; and to order the New Mexico Attorney General to review CYFD's training to ensure that it covers alcohol laws and other basic laws relevant to child abuse [MIO 22]. Having considered Respondent's arguments, we conclude that the issues addressed in the memorandum in opposition are outside the scope of our review and are not appropriately before this Court, and any issues that could be appropriately raised as part of this appeal, Respondent has conceded are moot.

{5}     Thus, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm the district court's orders, and we deny Respondent's request for additional time to amend his appeal.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**EMIL J. KIEHNE, Judge**

5

_____
**DANIEL J. GALLEGOS, Judge**